**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.F.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **Civil Action No. 24-08440 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff J.F. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, filed July 16, 2021, alleging disability beginning September 1, 2018. The claim was denied initially on January 26, 2022, and upon reconsideration on August 3, 2022. Plaintiff then requested a hearing, which was held before ALJ David Suna (the "ALJ") on March 1, 2023. On July 25, 2023, the ALJ issued a partially favorable decision, finding Plaintiff to be disabled beginning on December 13, 2021, but not before. Plaintiff sought review of the denial of disability benefits before December 13, 2021 from the Appeals Council. After the Appeals Council denied

Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

The subject of this appeal is the denial of disability benefits for the period that precedes December 13, 2021. In the July 25, 2023 decision, the ALJ found that, as to this period, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), with additional exertional limitations, before December 13, 2021. For the time before December 13, 2021, the ALJ found Plaintiff was capable of performing his past relevant work as an investigator. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act prior to December 13, 2021.

Plaintiff argues that the ALJ's decision denying pre-December 13, 2021 disability benefits should be vacated and remanded for the following reasons: (1) the decision is not subject to meaningful review because the ALJ did not consider Plaintiff's obesity throughout his evaluation; (2) the RFC determination for light work prior to December 13, 2021 is not supported by substantial evidence; and (3) the ALJ erred in relying on the vocational expert's testimony in determining that Plaintiff could perform past relevant work before December 13, 2021.

Plaintiff begins by arguing that the ALJ failed to properly consider Plaintiff's obesity in subsequent steps after determining it is a severe impairment at step two. Plaintiff cites Diaz v. Commissioner of Social Security to support his argument, which provides that an ALJ who finds a claimant's obesity to be an impairment at step two must then "meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and every subsequent step." 577 F.3d 500, 504 (3d Cir. 2009). In Diaz,

the court criticized the ALJ's failure to analyze the cumulative impact of the claimant's obesity: "[A]bsent analysis of the cumulative impact of Diaz's obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function." Id. Plaintiff argues that the same issue is present here because "the ALJ's consideration of obesity is also merely a conclusory statement and evades any meaningful review." (Plaintiff's Br. at 14). This argument is unavailing.

Plaintiff's argument here suffers from two principal defects: (1) the failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process and (2) the failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of showing how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396 (2009), which concerned review of a governmental agency determination. The Court stated that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. at 409. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's assertion that the ALJ failed to sufficiently consider his obesity does not meet

this standard. Plaintiff's brief does not marshal any evidence that shows that his obesity limits his residual functional capacity. Plaintiff makes no demonstration that the evidence of record shows that his obesity has a cumulative impact on his functional capacity, such that he was prejudiced by the ALJ's failure to properly incorporate obesity into the analysis, as Plaintiff argues. As a result, Plaintiff has not carried his burden under Shinseki of showing that any error was harmful.

This Court finds that the ALJ properly considered Plaintiff's obesity and that the analysis is susceptible to meaningful review. The ALJ explicitly referenced Plaintiff's obesity at steps three and four, just as the Third Circuit instructed ALJs to do in Diaz. At step three, the ALJ provided the following statement regarding Plaintiff's obesity:

> Lastly, although there is no specific medical listing for obesity, obesity can complicate and aggravate existing physical and mental impairments and can alone or in combination with other impairments medically equal a listing. However, in this case the undersigned has evaluated the claimant's obesity pursuant to the guidelines set forth in SSR 19-2p and has found that the functional effects of the claimant's obesity do not equal any medical listing.

(Tr. at 21). And at step four, he provided this consideration:

> The record also demonstrates the claimant was obese at some time during the period of adjudication. He is 5'7" and weighed around 199 pounds at the end of 2021, for a body max index (BMI) over 30 (Ex. 6F at 3). In accordance with Social Security Ruling 19-2p, the undersigned has considered this in evaluating the claimant's residual functional capacity.

(Tr. at 23). This is the kind of consideration that was missing in Diaz, and it is the kind of consideration that the Third Circuit stated could support an ALJ's determination. See Diaz, 577 F.3d at 504 ("Were there *any* discussion of the combined effects of Diaz's impairments, we might agree with the District Court.").

Plaintiff additionally cites Moore v. Commissioner of Social Security to support his

argument, but that case is also distinguishable from this one. The district court in Moore found that the ALJ there "d[id] not mention, let alone discuss, whether [the claimant's] obesity, alone or in combination with her other impairments, meets or equals one of the listed impairments at step three of his analysis, as he was required to do." Moore v. Comm'r Soc. Sec., 2013 WL 941558, at *4 (D.N.J. Mar. 8, 2013). Here, unlike in Moore, the ALJ did consider Plaintiff's obesity at steps three and four. This consideration means that the ALJ's determination is subject to meaningful review. And as Plaintiff fails to point to any evidence showing his obesity amounts to a qualifying disability, this first argument fails.

Moving to Plaintiff's next argument, he asserts that the ALJ's RFC determination at step four is not supported by substantial evidence. As discussed above, the plaintiff bears the burden at step four of proving both that he meets the legal requirements for a determination of disability and that any error by the ALJ was harmful. Bowen, 482 at 146 n.5; Shinseki, 556 U.S. at 410. Plaintiff's argument here ultimately fails because it does not meet the Shinseki standard.

Plaintiff argues that various pieces of evidence in the record would support a different RFC determination at step four. See (Plaintiff's Br. at 16-30). But Plaintiff does not point to any evidence that the ALJ overlooked or omitted in making his RFC determination that would have supported a finding of disability. He asserts that the RFC determination that Plaintiff can perform light work with "frequent reaching with the nondominant upper left extremity" is not supported by substantial evidence because of Plaintiff's history of shoulder pain. Id. at 26. The ALJ did, however, discuss the evidence of record concerning this impairment, and he had substantial evidence to conclude that this did not significantly limit Plaintiff's functional capacity because "treatment appeared effective" and Plaintiff "did not see his pain management doctor until the

established onset date." (Tr. 23). The Court finds that the ALJ's determination that the shoulder pain did not limit Plaintiff's ability to reach is supported by substantial evidence.

Plaintiff also brings up the fact that he was seeing a urologist for prostate problems for six months before the established onset date, but, crucially, Plaintiff does not point to any evidence of significant prostate-related functional limitations before the disability onset date of December 13, 2021. See (Plaintiff's Br. at 28). The ALJ noted that the medical evidence from an October 2021 visit to his urologist reflected that Plaintiff had been "doing great" at that time and had pitched six baseball games without issue. (Tr. 23). In fact, Plaintiff concedes at several points that the ALJ considered and accurately relayed the aforementioned evidence in making the RFC determination. See (Plaintiff's Br. at 23, 28-30). This Court finds this evidence to be substantial evidence that prostate problems did not significantly limit Plaintiff's functional capacity prior to December 13, 2021, and Plaintiff's argument here thus fails for not meeting the Shinseki burden.

Finally, Plaintiff challenges the reasoning by which the ALJ arrived at his conclusion that Plaintiff retains the RFC to perform past relevant work as actually performed. Specifically, he argues that "the determinative finding that Plaintiff could perform past work is based on both a misunderstanding of the VE's testimony and on the VE's professional definition of light work which impermissibly deviates from the definition of the DOT." Id. at 30. This Court rejects that argument and finds the ALJ's determination at step five is supported by substantial evidence.

The ALJ provided the following RFC determination for Plaintiff before December 13, 2021:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except frequent reaching with the nondominant upper left extremity; occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; never

> crawling; no exposure to hazards such as unprotected heights and dangerous machinery; and occasional exposure to extreme cold and humidity.

(Tr. 21). The cited regulation defines light work as "requir[ing] a good deal of walking or standing." 20 C.F.R. 404.1567(b). In his decision, the ALJ stated:

> At the hearing, the undersigned asked the vocational expert whether a hypothetical individual with the same exertional and non-exertional limitations described above as the claimant's residual functional capacity, would be able to perform [Plaintiff's past relevant work]. The vocational expert testified that such hypothetical individual would be able to perform the claimant's past relevant work of an investigator as actually and generally performed. Based on the testimony of the vocational expert, the undersigned concludes that the claimant is able to perform his past relevant work as actually and generally performed.

(Tr. 24). In his testimony, the vocational expert relied on Plaintiff's work history report, which Plaintiff himself completed and which stated that, during his employment as an investigator, he had to walk and stand for four hours a day and sit for five. The vocational expert cited Plaintiff's self-report about the requirements of his job as an investigator, and Plaintiff's self-report constitutes substantial evidence of the requirements of his job as an investigator as it was actually performed. The vocational expert's testimony simply restates Plaintiff's self-report, and the self-report itself constitutes substantial evidence that adequately supports the ALJ's determination of the walking and standing requirements of Plaintiff's past relevant work as it was actually performed.

Plaintiff challenges the determination that Plaintiff's residual functional capacity, as determined at step four, sufficed to allow him to perform his past work as an investigator, during the period prior to December 13, 2021. Plaintiff's argument unnecessarily complicates a very straightforward determination. As already stated, the regulation 20 C.F.R. 404.1567(b) provides that light work "requires a good deal of walking or standing." The ALJ simply concluded that an

individual with the ability to perform “a good deal of walking or standing” could walk or stand for the four hours per day that Plaintiff stated his job as an investigator required. Because this Court has determined that the RFC determination at step four was supported by substantial evidence, the subsequent determination that a person with this RFC can perform a job requiring four hours of standing or walking is a straightforward, simple inference. It does not appear to this Court that the ALJ needed the testimony of an expert to make this simple inference. It appears obvious from the definition of “light work” and Plaintiff’s self-report about what his job required.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors. This Court finds the Commissioner’s decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 29, 2026